IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**PHILLIP FREDENBURG, #141387**                                           **PLAINTIFF**

**v.**                                           **CAUSE NO. 1:20cv231-LG-RPM**

**WILLIAM LABARRE**                                                  **DEFENDANT**

## ORDER OF DISMISSAL FOR LACK OF PROSECUTION

**THIS MATTER IS BEFORE THE COURT** *sua sponte.* *Pro se* Plaintiff Phillip Fredenburg, an inmate of the South Mississippi Correctional Institution in Leakesville, Mississippi, brings this Complaint under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis.*

On July 14, 2020, the Court entered two Orders. The first Order directed Plaintiff to pay the required filing fee or file a completed *in forma pauperis* application within thirty days. (Order, 1, ECF No. 3). The second Order advised Plaintiff of the consequences of filing this civil action under the Prison Litigation Reform Act and directed Plaintiff to complete, sign, and return to this Court either an Acknowledgment of Receipt and Certification if he wished to continue with this lawsuit, or a Notice of Voluntary Dismissal, within thirty days. (Order, 1, ECF No. 4).

When Plaintiff did not comply, the Court entered an Order to Show Cause, directing Plaintiff to show cause by September 23, 2020, why this case should not be dismissed for failure to obey the Court's prior Orders. (Order to Show Cause at 1,

ECF No. 6). The Order to Show Cause warned Plaintiff that his failure to timely comply will result in the dismissal of this case. (*Id*. at 2). Plaintiff did not respond.

Since Plaintiff is proceeding *pro se*, he was provided one final opportunity to comply with the Court's Orders before the dismissal of this case. On October 7, 2020, the Court entered a Final Order to Show Cause, directing Plaintiff to show cause by October 21, 2020, why this case should not be dismissed for failure to obey the Court's prior Orders. (Final Order to Show Cause, 1, ECF No. 8). The Final Order to Show Cause specifically warned Plaintiff that his "failure to fully comply with this Order it a timely manner will result in the dismissal of this case, without further notice." (*Id*. at 2).

Plaintiff has not contacted this Court since the filing of this action on July 13, 2020, and he has failed to comply with four Court Orders. The Court warned Plaintiff on numerous occasions that failure to comply with Orders would lead to the dismissal of this case. (*See* Final Order to Show Cause, 2, ECF No. 8; Order to Show Cause, 2, ECF No. 6; Order at 2, ECF No. 4; Order, 2, ECF No. 3; Notice of Assign., 1, ECF No. 1–2). It is apparent from Plaintiff's failure to comply with the Court's Orders that he lacks interest in pursuing this case.

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute or to obey a court's orders under Fed. R. Civ. P. 41(b) and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*,

2

370 U.S. 626, 630–31 (1962). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Id.* Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile. *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005). Dismissal without prejudice is warranted. Accordingly,

**IT IS THEREFORE ORDERED AND ADJUDGED** that this lawsuit is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b).

**SO ORDERED AND ADJUDGED** this the 4th day of November, 2020.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge